IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANTUA COMMUNITY PLANNERS, et al., | : | CIVIL ACTION |
| | : | NO. 12-4799 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

## ORDER

AND NOW this 11th day of December, 2013, upon consideration of the motion for partial judgment on the pleadings by defendants Councilwoman Jannie Blackwell and the City of Philadelphia (Dkt. No. 8) and the response of plaintiffs Mantua Community Planners, Samantha Monroe and Reverend Andrew Jenkins (Dkt. No. 9), and consistent with the accompanying memorandum of law, it is ORDERED that Defendants' motion is GRANTED in part as follows.

1) The motion is GRANTED to the extent that it seeks judgment against plaintiffs on their claims against the City of Philadelphia and Councilwoman Blackwell pursuant to the Pennsylvania Constitution. JUDGMENT is entered in favor of defendants and against plaintiffs on plaintiffs' claims alleging violations of the Pennsylvania Constitution.

2) The motion will be granted to the extent that it seeks judgment against plaintiffs' claims pursuant to 42 U.S.C. § 1983 unless plaintiffs file an amended complaint on or before Monday, January 6, 2013. Plaintiffs are GRANTED leave to amend these claims as follows:

   a. Plaintiffs are granted leave to amend their Fourth Amendment unconstitutional property seizure claims against Blackwell to the extent that

      they can allege facts demonstrating exhaustion of post-deprivation state remedies.

    b. Plaintiffs are granted leave to amend Mantua Community Planners' First Amendment retaliation claim against Blackwell insofar as plaintiffs can allege facts supporting each of the three elements of such a claim against Blackwell.

    c. Plaintiffs are granted leave to amend their First Amendment freedom of assembly claim to the extent that they can assert facts demonstrating unconstitutional interference by defendants.

    d. Plaintiffs are granted leave to amend their § 1983 claim for municipal liability against the City insofar as they can allege facts indicating that the City implemented a policy, custom or practice that was the "moving force" behind a constitutional deprivation.

3) The motion will be granted to the extent that it seeks judgment against Monroe's claim for negligence against the City derived from the alleged incident with defendant Blackwell unless plaintiffs file an amended complaint on or before Monday, January 6, 2013.  Plaintiffs are GRANTED leave to amend that claim to the extent that they can assert an exception to the PSTCA immunity.

4) The motion will be granted to the extent that it seeks judgment against plaintiffs on their intentional infliction of emotional distress claim against Blackwell unless plaintiffs file an amended complaint on or before Monday, January 6, 2013.  Plaintiffs are GRANTED leave to amend this claim against Blackwell to the extent that they can assert facts demonstrating extreme and outrageous conduct on the part of Blackwell.

5) Plaintiffs shall file the amended complaint on or before Monday, January 6, 2013.

    /s/ Thomas N. O'Neill Jr.
    THOMAS N. O'NEILL, JR., J.